<u>Oluoch v. Orina</u>

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand sixteen.

PRESENT: DENNIS JACOBS,
    PETER W. HALL,
    GERARD E. LYNCH,
        <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

BEATRICE A. OLUOCH,
   <u>Plaintiff-Appellee</u>,

   -v.-           15-1424

STELLA KERUBO ORINA,
   <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLEE:     Amy L. Rudd, Lindsey Cohan, Dechert LLP, Austin, Texas.

FOR APPELLANT:    Aaron D.P. Shapiro, The Shapiro Law Firm, LLC, New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Griesa, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal be **DISMISSED**.

Defendant Stella Kerubo Orina appeals from the March 31, 2015, order of the United States District Court for the Southern District of New York (Griesa, <u>J.</u>), granting in part and denying in part Orina's motion to dismiss six of the eight claims raised in the complaint on statute-of-limitations grounds. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court's jurisdiction over appeals from district courts is generally limited to final orders under 28 U.S.C. § 1291 or Rule 54(b) of the Federal Rules of Civil Procedure; matters encompassed by § 1292(a); interlocutory orders certified under § 1292(b); or orders falling within the collateral order doctrine, <u>see</u> <u>Whiting v. Lacara</u>, 187 F.3d 317, 319 (2d Cir. 1999). The district court's March 31 order falls within none of these categories. Orina contends that § 1292(a) provides us with jurisdiction over her interlocutory appeal; this argument is not just meritless but frivolous. <u>See</u> 28 U.S.C. § 1292(a) (providing jurisdiction over appeal from orders (1) relating to injunctions; (2) relating to receiverships; or (3) involving admiralty law).

For the foregoing reasons, we hereby **DISMISS** the appeal for lack of appellate jurisdiction.

Additionally, Orina and her counsel are ordered to show cause, no later than fourteen days following entry of this order, why they should not be sanctioned for filing a frivolous appeal, in the form of double costs for which they would be jointly and severally liable. <u>See</u> Fed. R. App. P. 38; 28 U.S.C. § 1927; <u>Gallop v. Cheney</u>, 642 F.3d 364, 370 (2d Cir. 2011). Their response shall be no more than eight pages, double-spaced. Plaintiff-appellee Beatrice A. Oluoch may file a letter brief if she wishes to respond, not longer

than eight pages, double-spaced, within fourteen days of the date by which the response by Orina and her counsel is due.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK